WARDEN and another vs. BLAKLEY, Adm'r.

*Construction of village plat.*

A certain street upon a village plat *held* to be continued along the south side of a certain exterior block, for the reason that the lots in the south half of said block (as delineated on the plat, and as sold by the proprietors) fronted southward, and some of them would be inaccessible without such street; although there was no other indication by words or lines that said street was so continued, and although in some other cases on the same plat the side of a street opposite to an exterior block, or tier of blocks, was indicated by a line.

APPEAL from the Circuit Court for *La Fayette* County.

This action was brought against *Justus Blakley* to recover damages for alleged trespasses upon lot 1 in *Warden & Brunner's* Addition to Darlington, of which plaintiffs claimed to be the owners in fee. The answer denied plaintiffs' title and possession, and alleged that defendant had had actual possession of the land in question for twelve years then last past, holding such possession by permission of the proper authority, and that said land was a public street or common of said village of Darlington.

The land in dispute was a part of fraction two of section three, town two, range three east, in La Fayette county. Said fraction two was entered by one John Gray, and conveyed by him, in 1849, to one Hamilton, and by Hamilton, in January, 1850, to John M. Keep. In the summer of 1850, Keep had a plat of the village of Darlington made, which was recorded in the same year. In 1855 he had another plat made of the same village, which was duly certified, acknowledged and recorded in that year. In 1865, after Keep's death, the plaintiffs acquired the title of his estate to certain lands south of lot 20 in said village, including the premises here in question; and they platted such lands as *Warden & Brunner's* Addition to Darlington. Lot 1 of said addition (being the premises in dispute) adjoins, on the south, lots 5 and 6 in said block 20 of Keep's

Warden and another vs. Blakley, Adm'r.

plat, and has a width of twenty-two feet upon Main street, and a depth of ninety-nine feet. The north line of said lot 1 is identical throughout with the south lines of said lots 5 and 6. (See the accompanying plat.)* Defendant, at the time of plaintiffs' said purchase, owned said lots 5 and 6 in block 20, and occupied a hotel, called the Empire House, built thereon, together with a barn, the south side of which abutted upon the land here in dispute; and before the action was commenced, he threw a large quantity of manure upon said land, piled wood upon it, and dug a ditch upon it, without license from the plaintiffs; which are the trespasses complained of.

The defendant was permitted, against plaintiff's objection, to introduce the following evidence:

1. Testimony tending to show that for a number of years, and until the bridge across the Pecatonica was removed from its former position, as represented on the plat, to the foot of Main street, "all the land south of block 20 was traveled over in all directions by the public," at least in dry weather; that the principal track was from the bridge to the mill; that another track, from the bridge to Main street, "crossed the corner of the strip of land four rods wide south of block 20;" that this track was only used in dry weather, and could not be used in wet weather, because the land was too low. 2. Testimony of several witnesses that Keep, after the record of his plat, represented to them that Alice street ran westward to the river; such representations being made to two of the witnesses while Keep was negotiating with them for the sale of lots in blocks 20 and 21; and also the testimony of the de-

---

* The plat here printed is a copy of *the whole* of Keep's plat except a small part of the block laid out on the south side of the Pecatonica river, and the western portions of blocks 5 and 14. The two blocks last named are of irregular shape, and are not subdivided into lots on the plat; and no street is delineated on their west side. The *mill* spoken of in the text is understood to have been situated on the river westward from the village. — REP.

Warden and another vs. Blakley, Adm'r.

fendant himself that both Keep and his agent made like representations to him; that defendant bought lots 7 and 8 in block 20, of Keep, and built a house upon them, fronting westward, and also built his barn on lot 6, using the premises in dispute as a street to get to such barn, but afterwards, a sidewalk having been built along the east end of block 20, on Main street and on a level with that street, a number of feet above the level of lot 1 here in question, he moved his barn so as to abut on said sidewalk. 3. A deed of conveyance from Keep to one Almira E. Wadsworth, dated December 19, 1860, of certain real estate described as follows: "Situate in the village of Darlington * * *, and being upon the north and east bank of the Pecatonica river, bounded on the southeast by Galena street continued from the center of the bridge over the river to its intersection with the south line of Alice street; on the north by the south line of Alice street continued to the river; on the southwest by the Pecatonica river."

It appeared that no work had ever been done upon Alice street west of Main street by the village authorities.

The court instructed the jury, among other things, as follows: "In this case the interpretation of the plat of Darlington, as to whether Alice street is continued westward to the river, requires a knowledge of facts outside of the map itself. Westward of Main street opposite to Alice street as delineated on the map, there is a triangular tract of land which may or may not be regarded as a continuation of Alice street and Main street. Whether it is so or not I leave it to you to determine. * * * You will take into consideration the size of this triangular tract; its condition at the time the town was laid out; the laying out of block 20; the position of Main street, and the river, and the old bridge over it. From these facts appearing on the map, and the deed from Keep to Almira Wadsworth, and from the parol testimony, you will determine whether this triangular tract, or so much of it as may be necessary, is

or is not to be regarded as a continuation of. Main and Alice streets. If it be such continuation, the plaintiffs cannot recover; otherwise they can recover."

Verdict for the defendant; new trial denied; and plaintiffs appealed from a judgment on the verdict.

Pending the appeal, *Justus Blakley* died, and *Oscar F. Blakley*, the administrator of his estate, was substituted as defendant.

*P. A. Orton, Jr.*, for appellant, argued, among other things, that the court should itself have passed upon the question whether the making and recording of the plat operated under the statute as a dedication of the premises in dispute to the public as a street; that it was error to leave this question to the jury; and that the judgment must be reversed for this error, unless this court shall decide, upon the inspection of the plat itself, that the *locus in quo* is a part of Alice street. Against this view of the plat counsel argued, (1.) That the proprietor, in making this plat, seems to have been particular, in all cases where a street is not bounded on both sides by lots and blocks, to designate the boundary by a line. The east side of John and Keep streets, the west side of Galena street, the north side of Harriet street, and the west side of Lynde street opposite block 4, are all thus designated. (2.) That the word " Alice " seems to have been placed south of block 19 on the plat, and not south of block 20, for the purpose of rebutting any supposition that the street ran west of Main street. (3.) That if Alice street extends west of Main street, there is nothing to determine how wide that portion of it is, as the statute requires; and if we adopt the theory of the circuit court in its instructions to the jury, that so much of this triangular tract " as may be necessary " is to be treated as a street by dedication of the proprietors, such dedication will be made to depend, not upon the evidence of the plat, but upon the fluctuating judgments of juries as to how much, from time to time, may be necessary. Counsel further argued that the evidence as to Keep's declara-

tions long after the plat was made, and the deed to Almira Wadsworth, had no bearing upon the construction of the plat itself.

*Chas. Dunn* and *Paine & Carter*, for respondent, argued, *inter alia*, that it was clear from the plat itself that Alice street extended along the south of block 20. (1.) Because the southern half of lot 20 is subdivided into lots running north and south, and which are inaccessible unless there is such a street. No sane man would thus subdivide the lot and leave no street south of them; and the plat must have a reasonable construction. (2.) The only reason for contending that Alice street does not extend as claimed is, that there is no line indicating its southern boundary west of Main street. But the same reasoning would show that Main street does not extend farther south than the southwest corner of block 19; and thus there would be no connection between Main and Alice streets, and no access to the lots in the south half of block 20 or those in the west half of block 21. *Ely v. Bates*, 5 Wis., 467.

The following opinion was filed at the January term, 1870.

COLE, J. We think it perfectly clear upon the face of the plat itself, offered in evidence, that Alice street extends along the south side of block 20, and consequently that the *locus in quo* is a part of one of the public streets of the village of Darlington. The argument of the counsel for the respondent in support of this construction of the plat is unanswerable. The subdivision of the lots in block 20 shows that it was the intention of the original proprietor that Alice street should extend south of that block. But it is objected on the other side that if this was the intention of the proprietor he would have designated Alice street by a line south of block 20, as was done in reference to other streets upon the plat. But the circumstance that there is no line there defining the boundary of that street can have no such controlling effect as the counsel for the

plaintiffs is disposed to give it. For there is no line west of block 21, defining Main street, and yet it is not seriously claimed that it does not extend there. Indeed, upon an examination of the plat itself, it seems impossible to arrive at any other conclusion than that it was the intention of the original proprietor to have Alice street extend across Main street and along the south side of block 20. This being so, the other points in the case become immaterial.

*By the Court.*— The judgment of the circuit court is affirmed.