HENRY P. HURLEY *vs.* MISSISSIPPI & RUM RIVER BOOM COMPANY.

September 30, 1885.

**Public Easement—Dedication—Conveyance—Defective Plat.**—Dedication of streets and public places, properly designated upon the plat of a survey of a tract of land into lots and blocks, is to be deemed complete upon conveyances being made of lots with reference to such plat, though it be not properly certified for record.

**Same—Common-Law Dedication—Public Landing.**—But where an open, unplatted space appearing on such plat is not so marked or designated, it is ordinarily a question of fact to be determined by the trial court from evidence of acts *in pais*, user, etc., in connection with the plat, whether the same has been dedicated for a particular public use or purpose.   So held in respect to an alleged common-law dedication of a parcel of land for a public wharf or landing.

**Same—Conveyance by Plat—Way of Necessity—Extent and Location of Street.**—Grantees of lots fronting on unplatted land of the grantor are entitled to a way or street; and where such lots are situated on a line with the boundary of a street which, if continued, would, as indicated by the plat within which they are included, extend along the front thereof, it may in such case be implied from the plat, and the situation of adjacent blocks and streets as indicated thereon, that such street was intended to be so extended and opened in front of such lots, though no external line of division is marked on the plat.

**Same—Fee to Centre of Street.**—And where there is an intervening street between lots so conveyed and other lands of the grantor, whether subject to a public easement or not, the grantees take the fee to the centre of such street only.

| 34 | 143 |
| 44 | 285 |
| 34 | 143 |
| 61 | 7 |
| 34 | 143 |
| 62 | 454 |
| 34 | 143 |
| 69 | 279 |

Trespass—Defence—Easement of Public or Third Person.—As against the owner of the soil, a trespasser cannot interpose as a defence the existence of an easement which the public or a third person may have in the premises.

Plaintiff, claiming to be the owner of the piece of land indicated on the diagram in the opinion and lying between the Mississippi river and blocks 25, 26, and 32, brought this action in the district court for Hennepin county, in April, 1882, to recover damages for the alleged wrongful and unlawful possession and use of such land by defendant, and to restrain defendant from entering upon or using it. The specific acts of user complained of were the maintenance of booms in front of the land, kept in place by fastenings upon the land, and cutting off plaintiff's access to the river, and also the causing of logs, bark, etc., in the booms to be carried on the land in high water and left there when the water subsided. The answer denies plaintiff's title, and for a further defence alleges that the land in question was surveyed and platted and dedicated upon the plat as a public wharf, and that, ever since such dedication, it has been used and enjoyed as a public wharf and landing.

The action was tried before *Koon*, J., without a jury, and on January 27, 1884, judgment was ordered for plaintiff for $500 damages. The injunction asked for was, however, refused, as the defendant had not occupied the land since 1882, and there was no proof of any threatened interference with or use of it. Defendant appeals from an order refusing a new trial.

It appeared in evidence, and was not disputed, that long prior to the making and delivery of the deed by the original proprietor of Bottineau's addition under which plaintiff claims, the lots and blocks shown on the diagram in the opinion had been conveyed by deeds describing the same by reference to the plat of Bottineau's addition.

*J. B. Gilfillan* and *Gilfillan, Belden & Willard,* for appellant.

*Worrall & Jordan,* for respondent.

VANDERBURGH, J. In the year 1850, a survey and plat of what is known as Bottineau's addition to St. Anthony was made, but the plat, not being properly acknowledged and certified, constituted no

statutory dedication to the public of any streets or public grounds. A plat purporting to represent such survey was, however, filed in the office of the register of deeds of Ramsey county, in which the land was then situated, and there still remains among the files and records of that county a map or plat of that description. The land in controversy is indicated by a blank space on the plat, as shown by the annexed diagram, between block 26 (or Water street, if deemed extended in front of the block) and the river, and one material question of fact litigated is whether this open space on the river front was marked and designated "Public Wharf" on the original plat.

The plaintiff claims title under the original proprietor, Pierre Bottineau. The defendants lay no claim to the land themselves, but deny plaintiff's title and right of possession. The controversy embraces substantially two issues—*First,* whether the *locus in quo* was dedicated to public use for a public street and wharf; and, *second,*

v.34m—10

whether the fee had, prior to the deed to plaintiff, passed to other parties by deeds of the abutting lots.

Of course, a common-law dedication is meant, to establish which the defendant relies upon evidence of acts *in pais* of the original proprietor, including the survey and representations upon the plat, public user, and conveyances made with reference to the plat. It is, however, found by the trial court upon this issue "that there has been no dedication to or acceptance by the public of this tract of land as or for a public wharf or steamboat landing, and that no part of said land has been used for such purpose for more than twenty years prior to the commencement of this action." This includes a finding that there were no acts *in pais* by Bottineau, either separately or in connection with and explanatory of the survey, sufficient to constitute a dedication. It would have been more satisfactory if the court had specifically found whether the *locus in quo* was designated on the plat by the words "public wharf" written thereon,—a very material question in the case,—but we think it must be assumed to be involved in the general finding, and determined in the negative. If more specific findings are deemed important or material, the defendant should have made an application to the court for such purpose. *Smith* v. *Pendergast*, 26 Minn. 318; *Bradbury* v. *Bedbury*, 31 Minn. 163.

The evidence that the original plat was so marked is circumstantial. The words in question do not appear on the plat now remaining of record in Ramsey county. No witness swears that they were originally placed thereon, or that he remembers seeing them there. But they appear upon copies, some of which were made for record in Hennepin county, though not certified by the register of deeds of Ramsey county, but which the witnesses believe were accurate from the circumstances under which they were made and compared. On the other hand, they do not appear upon other maps which were also made from the records at an earlier day, and which the compilers intended should be accurate copies, and which were copied from the original records. Though the evidence in defendant's favor, taken in connection with the circumstances of the survey and situation of the premises and the navigation on the river as then contemplated,

is strong and persuasive, yet we are not prepared to say that the finding of the court embracing this issue is without support.

Dedication of streets and public places, properly marked and designated upon the plat of a survey of urban property, is complete upon conveyances being made of lots included in such survey with reference to such plat, though not properly certified for record. Such conveyances work an estoppel in favor of the grantees, and no subsequent revocation can be made without their consent, and the rights so granted may be adopted and enforced by the public authorities. *State* v. *Trask,* 6 Vt. 355, S. C. 27 Am. Dec. 554, 568, notes and cases; 2 Dillon, Mun. Corp. § 640, (503;) *Trustees of Watertown* v. *Cowen,* 4 Paige, 510; *Bartlett* v. *Bangor,* 67 Me. 460; *Village of Mankato* v. *Willard,* 13 Minn. 1, (13.) It is clear, therefore, that the question of fact whether or not the land in question was represented on the plat to be a "public wharf" was important and material on the question of the alleged dedication. Assuming that it was not so marked, as we think we must, and it does not appear to be established by the plat itself, standing alone, that the blank space in question was intended to be set apart and dedicated for a public wharf or any special purpose. *Downer* v. *St. Paul & Chicago Ry. Co.,* 23 Minn. 271; *Cowles* v. *Gray,* 14 Iowa, 1; *Warden* v. *Blakley,* 32 Wis. 690; 2 Dillon, Mun. Corp. § 641, (504.) Whether it was intended to be dedicated for some public purpose would properly be determined as a question of fact upon all the circumstances by the trial court. *Eastland* v. *Fogo,* 58 Wis. 274, and cases last above cited.

The claim is made that the space, at least, between Water street and the river is dedicated for a public wharf or landing, and purposes impliedly accessory thereto. This is a specific purpose distinct from that of a street merely, or a public square, and the public right is determined, by the character of the grant. The public take *secundum formam doni.* What the nature of the dedication is must, therefore, in some way be made to appear by proper evidence. And in this case we are unable to say that the court erred in its inference that if the land in question was not so marked or designated, the fact that it was left a blank, open space was insufficient to show such dedication.

2. The grantees of lots in block 26 are entitled to a street, and it would be implied from the plat and the situation of Water street that the same was intended to be extended and opened in front of the block, though no external line of division is marked on the plat; and so the evidence tends to show it has been used. *Warden* v. *Blakley*, 32 Wis. 690. But this does not follow in respect to the wharf, in the absence of proof of a dedication therefor. Accordingly it was properly adjudged by the trial court that such grantees took the fee in front of their lots to the centre of Water street so extended. In the case of a common-law dedication, which operates not as a grant, but as an estoppel *in pais*, the fee remains in the donor, subject only to the public uses for which the dedication is made, and he is entitled to the beneficial enjoyment of the land for any purpose not inconsistent with such public use. The fee of the land in question between Water street and the river remained in the original proprietor, and passed by grant to plaintiff, though it was dedicated for a public landing, unless it had passed by his conveyances previously made. It certainly remained in the original proprietor as long as he retained the ownership of the abutting lots; and as lots adjoin this open space on three sides, and, in the case of a public square, front on all sides, it would be hardly consistent to attempt to apportion the fee among the several lots; but it is presumed the grant in such case would stop with the intervening streets, where they can be ascertained, and with the right to enjoy the public easement in common. In the situation of the abutting lots with reference to Water street, in this case the construction that the grant of these lots stopped with the centre of that street, which it is apparent was in any event to be open for use for the benefit of such lots, is the most reasonable.

In any view of the case, then, the defendant's use and appropriation of the premises was unauthorized, and was an unlawful interference with plaintiff's riparian rights as owner of the soil. As against the owner of the soil, a trespasser cannot interpose as a defence the existence of an easement which the public or a third person may have in the premises. *Jackson* v. *Hathaway*, 15 John. 447; *Gardiner* v. *Tisdale*, 2 Wis. 115.

Order affirmed.