JINGIE A. JAMES *vs.* ST. PAUL CITY.

Argued July 16, 1894. Reversed Aug. 16, 1894.

No. 8856.

**St. Paul city charter; condemnation valid, although assessment of benefits is invalid.**

Under the charter provisions of the city of St. Paul, the notice required to be given of the time and place of the meeting of the board of public works in proceedings for the making of any public improvement (Sp. Laws 1887, c. 7, subc. 7, § 8) may be invalid as to those upon whose property the burden of benefits is to be imposed, as was held in *State ex rel.* v. *Otis*, 53 Minn. 318, and yet valid as to those whose property or property interests are to be condemned and appropriated for such improvement.

Appeal by plaintiff, Jingie A. James, from a judgment of the District Court of Ramsey County, *Chas. E. Otis*, J., entered March 7, 1894, that she is not entitled to any relief in this action.

On February 25, 1892, the defendant, the City of St. Paul, began proceedings to condemn lot thirteen (13) of the Rearrangement of Kenwood Terrace for a public street called Linwood Place. Such proceedings were completed August 18, 1892. The owners and lien-holders were awarded $5,000 as the value of the lot. It was incumbered by a mortgage for $2,500 and interest at six per cent a year from July 11, 1892. The balance, $2,484.16, was awarded to the plaintiff. She furnished an abstract of title and tendered a deed and demanded this sum. Being refused she brought this action to recover it. The city answered that the proceedings to assess the benefits of opening the street upon the adjacent property were invalid and the condemnation was for that reason void. The issues were tried, findings made and judgment ordered for defendant. Such judgment was entered and plaintiff appeals. The discussion here was upon the construction of the City Charter, Sp. Laws 1874, ch. 1, as amended by Sp. Laws 1887, ch. 7.

*Ambrose Tighe,* for appellant.

*Leon T. Chamberlain,* and *Walter L. Chapin,* for respondent.

COLLINS, J. February 25, 1892, plaintiff was the owner of a lot in the city of St. Paul, on which was a mortgage for about $2,500. The respondent city, being desirous of extending a certain public street through said lot, commenced proceedings on that day to condemn the same and other necessary property, and to assess the benefits, damages, costs, and expenses arising out of the proposed extension on such property as was deemed benefited or damaged thereby. The damages assessed to plaintiff were $5,000,—the full value of the lot. The assessment of benefits, damages, costs, and expenses arising out of the improvement was confirmed by the board of public works August 15, 1892, and plaintiff took no appeal. Application was duly made to the District Court for the entry of judgment against the property benefited, and as against a large number of lots, and, no objection being made, judgment was duly entered. The owners (four in number) of certain lots included in the assessment, appearing generally, objected to the entry of judgment against their property; alleging that the assessment was fraudulently, unjustly, inequitably, and improperly made. Pending a hearing upon these objections, respondent city took possession of plaintiff's lot, caused the same to be graded, and has ever since occupied and now does use the same as a public street. Subsequently, plaintiff tendered a deed of the premises to the city, demanding payment of the balance between the amount due on said mortgage and the award, which payment was refused.

Meanwhile, the opinion in *State ex rel.* v. *Otis,* 53 Minn. 318, (55 N. W. 143,) was filed by this court. June 14, 1893, the objecting owners before mentioned were permitted by the District Court to amend their objections so as to include an objection to the initial notice, which was of the same nature as that passed upon adversely to the city in *State ex rel.* v. *Otis, supra.* Regarding the rule of that case as applicable to the initial notice in this, a stipulation was entered into between the attorney for the respondent city and the attorney for the objecting property owners whereby judgment in favor of the latter, and denying respondent's application for judgment, was duly entered. The situation then was that as to a large number of lots and lot owners, against whom benefits had been assessed, judgment had, without objection, been entered in favor of respondent for the amounts so assessed, while plaintiff, as the owner of property con-

demned, and to whom its value had been awarded, had acquiesced, and had allowed the respondent to take possession of her property, and grade and use it as a public street. Four of the lot owners, after resting for about one year on objections of no great merit, evi-dently, had been allowed to amend the same so as to bring them-selves within the rule laid down in a recently decided case, and then, by stipulation, obtained judgment in their favor exempting their property from the assessment of benefits.

This action was brought by plaintiff to recover the amount award-ed, less the sum due on the mortgage, which has since been foreclosed. On the ground, as we understand it, that, because of the defect in its initial notice, respondent had failed to acquire good title, as against the world, to the lot, the court below ordered judgment against her, and she appeals from an order denying a new trial.

The provisions of the city charter under which proceedings of this character are had are not very clear, and we are not surprised that such confusion has resulted. After an order has been passed by the common council for the making of certain improvements, the board of public works (Sp. Laws 1887, ch. 7, subc. 7, § 7) is required to pro-ceed to ascertain and assess the damages and compensation due to landowners, and at the same time to determine what real estate is benefited by the improvement, and to assess and apportion the amount due as damages, with the costs of the proceedings, on such benefited real estate. By section 8, notice is required to be given in the official paper of the time and place of meeting for the purpose of "making the assessment." In this notice the purpose of the assess-ment must be stated, and the land to be condemned is to be generally described. At this meeting all interested persons may be heard. The premises to be condemned shall be viewed by the board, and legal evidence may be offered for the purpose of showing their value, or the damages which will be sustained or benefits conferred by reason of the improvement.

Evidently, it is contemplated that the steps which result in de-termining the value of the property to be appropriated, or the amount of damages sustained, and ascertaining what property is benefited, and to what extent, are to be taken together. They could not well be distinct. By section 9 it is provided that any sum awarded as damages shall bear interest at 7 per cent. per annum from and after

the date of the confirmation of the award; and the condemnation, taking, and appropriation of any real property for public use is, in law, deemed to be due and fully consummated upon confirmation by the board of public works of the assessment of damages and benefits. By an amendment (Sp. Laws 1891, ch. 12, § 3), the right of the city to enter upon and take possession of appropriated property is fixed as of the day of confirmation of the assessment, and an appeal by the owner does not affect this right. Having ascertained. the damages and expenses of the improvement, the board proceeds (subch. 7, *supra*, § 14) to assess and apportion the entire amount upon the property benefited, and then (section 15) gives notice of time and place of meeting to hear objections. All objections are then to be filed, and, if not, the assessment is confirmed by the board; and this action is final and conclusive, unless a party whose property has been appropriated, and who has filed objections to the assessment, chooses to appeal under Sp. Laws 1891, ch. 6, § 6, or unless the owners against whose property assessments for benefits shall have been made, failing to pay the warrants in the hands of the city treasurer, appear in the District Court, file objections, and resist the recovery of judgment, as did the four persons hereinbefore mentioned. Subch. 7, *supra*, §§ 38, 39.

In case of an appeal by a person whose land has been appropriated, if the court finds that the board of public works had no jurisdiction in the matter appealed from, the assessment (award) is annulled. If the board had jurisdiction, and the damages awarded are insufficient and inadequate, the actual damages are ascertained, and the difference raised by reassessment. If the award of damages or the assessment for benefits is annulled, the board proceeds *de novo*, without any further order from the council, to make another and new award. Section 15.

It will thus be seen that the proceedings to award damages for property taken for a public improvement, and also to apportion and assess the cost and expenses of such an improvement, go hand in hand, up to the time of the confirmation by the board of public works. But, as to the award for damages to a person whose property has been appropriated, no further steps are taken, unless objections are filed, and an appeal is taken to the District Court. The proceedings terminate there, if the landowner acquiesces. Even an

appeal does not prevent the city from taking immediate possession of the property.

On the other hand, the proceedings as to the property against which benefits have been assessed do not end with the action of the board. The owners of such property may refrain from taking any part in the proceedings before the board, and then, when cited into court, assail the validity of the whole proceeding, as was done in this case; and, if an assessment for benefits be annulled or set aside, the board, without further order from the council, reassesses, as before stated. In view of the fact that from and after the confirmation by the board the proceedings seem to separate, and to be wholly independent, we see no reason why, if the board fails to acquire jurisdiction to make a valid assessment for benefits, as was held in *State ex rel.* v. *Otis, supra*, jurisdiction may not be acquired as to all parties interested in property to be condemned and appropriated, provided the initial notice as to such parties and their property is adequate. To hold otherwise is to say that jurisdiction to condemn the property of one party must depend upon jurisdiction to apportion and assess the benefits upon the property of another, and such holding inevitably tends to the confusion and complication found in this case.

If the proceedings to appropriate and those to apportion and assess can be separated,—and we have seen that they can and actually are,—there can be no good reason why it should not be held that, although the notice was invalid as to persons against whose property benefits were assessed, it was valid as to those whose property or property interests, only, were to be condemned and appropriated. The charter provisions are easily susceptible of such a construction, and indeed it seems almost necessary to so construe them. For instance, Sp. Laws 1891, ch. 12, § 2, *supra*, expressly provides that, within six months after date of the confirmation of the award, payment shall be made by the city for property condemned. No exceptions are made to this express requirement. If it was intended that the validity of the proceedings to ascertain and award damages for property appropriated should depend upon the valid termination of the proceedings to apportion and assess the benefits, no such provision as that would have been enacted, for in many instances, especially when contested, the validity of the proceedings

last mentioned could not be ascertained within six months from the date of the confirmation.

Again, the result would be, as it has undoubtedly been in this case, that most of the amounts assessed as for benefits are paid without controversy, and go into the city treasury, while the city authorities refuse to account to those whose property has been seized and used for a public purpose. Our conclusion is that a defect in the initial notice, of the character of that found in this case, does not operate to invalidate the proceedings as to property condemned and acquired, although it may be insufficient as to property assessed for benefits.

Judgment reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 60 N. W. 21.)