JOSEPHINE M. SMITH v. CITY OF ST. PAUL.[1]

July 12, 1897.

Nos. 10,600—(203).

**Res Judicata — Parties — Judgment against City not Binding on Abutting Owners.**

In an action of ejectment brought by H. against the city to recover possession of a strip of land occupied by the city as a part of a public street, judgment was entered in his favor, ejecting the city. Thereupon it commenced condemnation proceedings to condemn such strip for such street, an award of damages was made to the owners of such strip, and a special assessment made therefor against the lots abutting on the street, but such assessment has not been paid, and no tax judgment has been entered therefor. The city having failed to pay the award of damages within six months after the confirmation of the award, the owners of the strip so condemned were, by the provisions of the charter, entitled to recover the amount of such award out of the public funds in the city treasury, and thereupon the assignee of H. brought this action to recover the same. In truth and in fact H. had no title to such strip, and ought not to have prevailed in the ejectment action, but such title was in the abutting owners. Two of these owners, whose right of access would be cut off by the vacation of the street over said strip, intervened in the action. *Held*, neither such abutting owner nor the city was estopped, as against the other, to assert that said strip always was a part of the public street; therefore, the city took nothing from such owners by such condemnation, and they are not entitled to any part of the award.

**Same—Special Assessments.**

*Held*, further, such abutting owners have a good defense to such special assessments against their lots, and, if plaintiff recovers out of the general funds, the city cannot be reimbursed by such special assessments; but, as against plaintiff, such abutting owners have a right, independent of the city, to assert that said strip always was a part of the street, and by reason thereof, and of such owners being general taxpayers, they have a right to object to the recovery by plaintiff of the amount of said award out of the general funds in the city treasury.

Action in the district court for Ramsey county to recover $2,650 awarded for the taking, by condemnation proceedings, of her land for a public street, in which the St. Paul Trust Company and Lucre-

[1] Reported in 72 N. W. 104, 210.

tia F. Sache intervened.   The intervenors appealed from an order, Otis, J., denying their motion for a new trial after an order for judgment in plaintiff's favor.   Affirmed.

Harvey Officer and Walter L. Chapin, for appellants.

Howard L. Smith, for respondent.

CANTY, J.

One Hansen brought an action of ejectment against the city of St. Paul to recover a certain strip of land 30 feet wide which the city was occupying as a public street.   On the trial of that action, judgment was ordered for Hansen, and was thereupon entered in his favor, ejecting the city from such strip of land.   Thereupon the city commenced condemnation proceedings to condemn this strip. Damages for the taking of said strip were awarded to the owners thereof in the sum of $2,650, and the amount of the same was assessed on the property abutting on said street.   In the meantime, Hansen had conveyed all his interest in the strip to one Howard L. Smith, and before the commencement of this action Smith assigned all his claim to said award to plaintiff.

The city charter provides that, within six months after the date of the confirmation of the award, the same shall be paid; and, after the six months elapsed in this case, plaintiff brought this action to recover the amount of the award, although the special assessments to pay the same have not been collected.   See James v. City, 58 Minn. 459, 60 N. W. 21.

The appellant trust company and the appellant Sache intervened in the action, each claiming to be, at the time of such condemnation, the owner of a part of the land so condemned, and entitled to a part of the award.   See opinion on former appeal, 65 Minn. 295, 68 N. W. 32.   These claims grow out of the following facts:   The appellant trust company was at the time of said condemnation proceedings, and still is, the owner of lots 8, 9, and 10 in block 68 of West St. Paul proper, according to the plat thereof, and the appellant Sache then was, and still is, the owner of lot 7 in said block.   These lots abut on the strip of land so condemned.   This strip lies along on the east border of said plat, which purports to lay the strip out as a street, or half street, 30 feet wide, along the side of block 68.   The parties who made and filed this plat had title to block 68, but had

no title to this strip. One Bell, who had title to this strip, owned also the land adjoining it on the east, and thereafter platted this land as "Bell's Addition to West St. Paul." The westerly border of this plat coincided with the easterly border of said 30-foot strip, and along the same another strip, 40 feet wide, was laid out on this plat as a street, so that on the adjoining borders of both plats there appeared to be laid out as a street a strip of land 70 feet wide. It would seem that, some time after this, Bell discovered that he was the owner of this 30-foot strip, and supposed that it was somewhat wider than it is, and extended over some 20 or 30 feet on said block 68, so he platted as "Bell's Second Addition" a long, narrow strip, covering the whole of said 70-foot street, and lapping over several feet onto the land platted as block 68, West St. Paul proper.

Subsequently, by mesne conveyance from the platters of West St. Paul proper, one Rothausen obtained their title to block 68, and by mesne conveyances from Bell of lots in Bell's second addition, he obtained Bell's title to the 30-foot strip in front of the lots of these intervenors. Rothausen is the common grantor of both the plaintiff and the intervenors. After he had acquired both branches of the title, as aforesaid, he conveyed said lot 7 to appellant Sache, describing it in the deed as "Lot 7, block 68, of West St. Paul proper, according to the plat thereof on file in the office of register of deeds of Ramsey county." All parties to this appeal admit that by this deed the laying out of this 30-foot strip as a public street was ratified and dedicated to the public as a street, as the same appears on said plat. By subsequent mesne conveyances from Rothausen, through Hansen, the plaintiff in said former action, the appellant trust company acquired title to said lots 8, 9, and 10, including the 30-foot strip in front of these lots, and the conveyance from Rothausen to Hansen purported to convey to the latter the whole of said 30-foot strip. On the trial the court below ordered judgment for plaintiff for the whole amount of the award, and held that the intervenors are not entitled to any relief in this action. From an order denying a new trial, the intervenors appeal.

All of the facts above recited are uncontradicted, and it will be seen from the same that the 30-foot strip in question was duly dedi-

cated as a street by the aforesaid deed to Sache (Great Northern v. City, 61 Minn. 1, 63 N. W. 96, 240; Borer v. Lange, 44 Minn. 281, 46 N. W. 358; and Hurley v. Mississippi, 34 Minn. 143, 24 N. W. 917); if not also by the deeds to the trust company, and that Hansen should not have recovered in the former action.

The plaintiff now concedes, and the court below on the trial of this action found, that Sache is the owner of the part of this 30-foot strip immediately in front of her lot, and that the trust company is the owner of the part of the strip immediately in front of its lots. The position of plaintiff's counsel is that, as to Sache and the trust company, this 30-foot strip, and the whole of it, is, and since the deed to Sache has been, a public street, and that, while the city is estopped by the former judgment from asserting this fact as against plaintiff, Sache and the trust company are not estopped, as against either the city or plaintiff, from asserting this fact; that, therefore, the city got nothing from Sache and the trust company by the condemnation proceedings; that as to them the strip was just as much a part of the public street before the condemnation as it ever can be afterwards; and that, as the city took nothing from them by the condemnation, they are not entitled to any part of the award.

We are of the opinion this position is well taken, and that on the admitted facts plaintiff, herself, is not entitled to any part of the award, or to recover the amount of the same out of the city treasury. On the undisputed facts found by the court, it clearly appears that the 30-foot strip in question was a public street when the city undertook to condemn it. True, the city is by the former judgment estopped from asserting this. The public generally, for whom the city is trustee, is also estopped. But Sache and the trust company are not thus estopped. They have a right, independent of the city, to assert that this is a public street. It is a private right, for which the city is not trustee. Sache, at least, has this right, by reason of the deed to her, and the contract of dedication contained in it. Again, both Sache and the trust company are abutting owners, and, as such owners, have a right in the street distinct from the general public,—not a right merely to a private way, but a right to a public street. The abutting owner cannot, without compensation, be de-

prived of the use and benefit of a public street by proceedings to vacate the same, at least, where his right of access will be so cut off or impaired that he could maintain an action in his own name for obstructing the street, if the same was closed up, without any attempt being made to vacate it.   See Elliott, Roads & S. 662.   It appears that the right of access of Sache and the trust company would be completely cut off by the vacating or closing up of this street.   Then it is clear that they are not affected by the estoppel against the city.

However, it does not follow that, because they have a special interest in the street, they have such an interest in the public funds in the city treasury that they can object to the payment of the same to plaintiff.   A special assessment has been levied on their lots, with other lots abutting on the street, to pay this award; but it does not appear that this assessment has yet been collected, or that any tax judgment has yet been entered for the same against their lots. It must also be conceded that these intervenors have a perfect defense to any application for such a judgment.   Then, if this award is paid out of the general funds in the city treasury, the city cannot be reimbursed by such special assessment, and therefore Sache and the trust company will suffer no special injury by reason of the recovery of this judgment, and the payment of the same out of such general funds.   But it sufficiently appears that Sache and the trust company are taxpayers.   Every taxpayer will be injured by such payment, and any taxpayer who is not estopped by the judgment against the city has a right to object to such payment.   Sache and the trust company are not thus estopped, and have thus objected; but they failed to suggest, either in this court or the court below, the effect which the law should give to such objection, and by asking for the wrong relief have undoubtedly misled the court below.

The order denying a new trial will therefore be affirmed, but without prejudice, and with leave to appellants to apply to the court below to modify its conclusions of law and order for judgment in accordance with this opinion, or grant a new trial, if in its discretion it should see fit to do either.

This is a somewhat unusual way to dispose of an appeal, but in

our opinion we have the discretion so to dispose of it, and, under the peculiar circumstances of the case, should so dispose of it.

It is so ordered.

A petition for reargument having been presented, the following opinion was filed October 1, 1897.

PER CURIAM.

Respondent, in her petition for a reargument, strenuously objects to the order made at the end of the opinion in this case, giving appellant leave to apply to the court below for certain relief. Respondent claims that her admission in this court that the 30-foot strip in question was, by the deed to Sache, dedicated as a public street, was made merely for the purpose of argument, in disposing of points raised by appellant, and that in fact she does not admit anything of the kind. We cannot, on account of any mental reservation of counsel in making the admission, grant a reargument or modify our said order. But it is not very material what counsel intended to admit, as the court below found the facts as admitted, and no question is raised or could be raised by respondent on this appeal as to the sufficiency of the findings.

Respondent's counsel filed with the petition for a reargument an affidavit in which he states that a part of the taxes levied on the special assessment made to pay the damages awarded on the condemnation of the 30-foot strip have been paid; that tax judgments have been entered for the balance of such taxes, and tax sales have been made pursuant thereto, and enough money has been thereby collected to pay all of said damages. None of these facts appear by the return, and we refrain from expressing any opinion as to what effect, if any, should be given to them when presented to the court below on such application for relief, if any is made. That is a matter to be there presented, and not one to be presented here as a ground for setting aside the said order of this court.

The petition for a reargument is denied, and the stay of proceedings herein vacated.