SMITH v. CITY OF ST. PAUL.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1901.)

No. 1,489.

RES JUDICATA—CONCLUSIVENESS OF JUDGMENT—EFFECT OF INTERVENTION.

Under the statute of Minnesota (Gen. St. 1894, § 5273) which authorizes any person having an interest in the matter in litigation to intervene by joining the plaintiff in claiming what is sought by the complaint, "or by uniting with the defendant in resisting the claim of the plaintiff," or by demanding adversely to both parties, where taxpayers intervened in an action against a city, and resisted plaintiff's demand, obtaining a judgment dismissing the action on the merits, the city was a party to such judgment, and entitled to plead the same as an adjudication in bar of a second action against it on the same demand, although in its corporate capacity it was estopped to set up the defense pleaded by the interveners which prevailed in the former action.

In Error to the Circuit Court of the United States for the District of Minnesota.

Howard L. Smith and Marcellus M. Countryman, for plaintiff in error.

James E. Markham, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge. This was an action by Josephine M. Smith, the plaintiff in error, against the city of St. Paul, the defendant in error, to recover the sum of $2,650, which had been awarded to Howard L. Smith, the plaintiff's assignor, in certain condemnation proceedings, as compensation for a strip of land 30 feet wide lying on the easterly side and immediately in front of lots 7, 8, 9, and 10 of block 68 of West St. Paul, as said block was origin-

ally platted. At the date of the condemnation proceedings in question the strip of land in question was being used by the public as a street. To the complaint which was filed by the plaintiff the defendant' city interposed an answer, which answer contained a plea that the plaintiff was barred of her right to recover by a former adjudication. The plaintiff demurred to the plea of res judicata, but it was overruled, whereupon a judgment was entered in favor of the city; the plaintiff having declined to plead further. The question to be determined by this court, therefore, is whether the defense of res judicata which was·interposed by the city was properly sustained.

The plea aforesaid and the various records which were attached thereto as exhibits disclose substantially the following facts: Prior to the institution of the present action in the federal court, and on November 11, 1895, the plaintiff, Josephine M. Smith, as assignee of Howard L. Smith, filed a complaint, based on the very same demand which is sued upon in the present action, against the city of St. Paul, in the district court of Ramsey county, state of Minnesota. The city appeared and answered the complaint in the state court, alleging, in substance, that the condemnation proceedings under which the plaintiff claimed were utterly void, and that the award made therein in favor of the plaintiff's assignor was utterly void and made without jurisdiction. Thereafter two other persons, namely, Lucretia F. Sache and the St. Paul Trust Company, a corporation, intervened in the case, claiming the fund awarded in the condemnation proceedings, adversely to the plaintiff, and denying her right thereto. To these intervening complaints the plaintiff filed answers, and thereafter the case was duly tried in the district court of Ramsey county, Minn., resulting at first in a judgment in favor of the plaintiff against the city of St. Paul for the sum demanded by her, and in a further judgment that the interveners were not entitled to relief, and that their intervening complaints be dismissed. The interveners filed a motion for a new trial, but it was overruled; and from this order the interveners prosecuted an appeal to the supreme court of the state of Minnesota, which latter court adjudged that the order overruling the interveners' application for a new trial be affirmed, "but without prejudice, and with leave to appellants to apply to the court below to modify its conclusions of law and order for judgment in accordance with this opinion, or grant a new trial, if in its discretion it should see fit to do either." Smith v. City of St. Paul, 69 Minn. 276, 280, 72 N. W. 104, 210. On receipt of the mandate from the supreme court, the district court, on motion of the interveners, permitted them to amend their prayer for relief, and thereupon the district court modified its conclusions of law to the following effect: "That plaintiff is not entitled to any relief. Said interveners are entitled to judgment that said plaintiff take nothing by this action, and for a dismissal thereof on the merits." A judgment was entered in accordance with this order, from which no appeal has been taken. This latter judgment was entered prior to the institution of the case at bar.

The foregoing facts are disclosed by the defendant's plea of res

judicata, and, as a matter of course, were confessed by the demurrer. But as the opinion of the supreme court of the state of Minnesota was made an exhibit to the defendant's plea, and formed a part thereof, it will be proper to refer briefly to some of the facts recited in the opinion of that court on which its judgment was based. When the city of St. Paul sought to condemn the strip of land in controversy for street purposes, it was in use by the public as a street, and bounded block 68 of West St. Paul on the east. The strip was shown on the recorded plat of block 68 as a street, but the parties who filed said plat had no title thereto. In reality the strip of land in question belonged to a man by the name of Bell, who owned a considerable tract east of block 68, and had platted said tract as "Bell's Addition to West St. Paul." Bell's plat, as filed, did not include the 30-foot strip, however; and, in ignorance of his ownership of the same, he donated another strip 40 feet wide as a street, which lay immediately to the east of the 30-foot strip, which donation or dedication was shown by his plat. On discovering his ownership of the 30-foot strip, Bell filed an additional plat, which embraced both the 30-foot strip and the 40-foot strip, terming the same "Bell's Second Addition to West St. Paul." Subsequently one Rothhausen, who owned block 68, acquired title from Bell to the 30-foot strip in front of block 68. Thereafter Rothhausen conveyed lot 7 of block 68 to Lucretia F. Barrett, who has since become Lucretia F. Sache, one of the interveners, describing the lot so conveyed by reference to the recorded plat of block 68 in such a way as to estop himself and those who are privy with him in estate from denying that said lot 7 fronted on a public street 30 feet wide, as was shown by the recorded plat of block 68. Subsequently Rothhausen conveyed lots 8, 9, and 10 of block 68, except the westerly 40 feet of lots 9 and 10, to Peter Hansen, and Hansen's title thereto subsequently became well vested in the St. Paul Trust Company. While Hansen was the owner of lots 8, 9, and 10, he brought an action of ejectment against the city of St. Paul to recover the 30-foot strip of land lying in front of block 68, which was then used as a street, and on the trial of said action recovered a judgment against the city for the possession of the land sued for. After the recovery of this judgment in ejectment the city appears to have instituted proceedings to condemn the strip of land in controversy, and in the course of such proceedings the sum of $2,650 was awarded to Howard L. Smith, the plaintiff's assignor, inasmuch as he claimed to have succeeded to all of Hansen's right, title, and interest in the 30-foot strip of land which Hansen had recovered in the ejectment suit. The supreme court of the state of Minnesota, while conceding, apparently, that the city of St. Paul was estopped by the judgment in the ejectment suit from claiming that the 30-foot strip of land in question was a public street, nevertheless held that no such estoppel existed as against the interveners, Lucretia F. Sache and the St. Paul Trust Company; that they, not having been parties to the suit in ejectment, were entitled to assert that Rothhausen, by his conveyance to one of the interveners of lot 7 of block 68, and by the references therein made to the recorded plat of block 68 of West St. Paul, ratified said plat, and

dedicated the 30-foot strip as a public street; that all persons in privity with him, including Hansen and the plaintiff, were bound by such ratification and dedication; that the interveners had a right to use the 30-foot strip as a public street; that their rights as abutting proprietors were distinct and different from the rights of the general public; and that, as taxpayers who were not estopped by the judgment in the ejectment suit against the city, they had the right to object to the payment of the award by the city. Inasmuch, however, as the interveners had failed to suggest to the trial court the species of relief to which the supreme court held them to be entitled, and had prayed for different relief, the supreme court affirmed the order overruling their motion for a new trial, without prejudice, and gave the interveners leave to apply to the court below, in the manner heretofore stated, to modify its previous conclusions, and to enter judgment in accordance with the views of the court of last resort.

The question before this court is not whether any of the proceedings had in the former action were irregular, or whether the judgment rendered in that case was erroneous. But the question to be determined upon the present record is whether there was in fact in the former action an adjudication upon the merits of the plaintiff's claim of which the defendant city can avail itself as a bar; it being conceded that it was the same claim which is sued upon in the case in hand. The principal contention on the part of the learned counsel for the plaintiff in error seems to be that the judgment which is invoked as a defense was a judgment upon an issue between the plaintiff, on the one hand, and the interveners, on the other; that the city was in no sense a party to this controversy, and for that reason cannot invoke the former judgment as a bar to the present action. We are unable, however, to regard this view as tenable. The statutes of the state of Minnesota provide (Gen. St. 1894, § 5273) that:

"Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against either or both, may become a party to any action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, or either of them, either before or after issue has been joined in the cause, and before the trial commences."

The supreme court of the state seems to have been of opinion that under the terms of this statute the interveners had the right to unite with the city in making a defense; that they had an immediate interest in the controversy between the plaintiff and the city, since as taxpayers they would sustain a personal loss if a judgment was recovered against the city, to be paid out of its general funds; and that because of this personal or individual interest they had the right to make a defense which but for their presence as parties the city, acting merely as trustee for the general public, could not have made. In other words, the action was treated by the supreme court of the state as being a suit against the interveners indirectly, although it was brought against the city as sole defendant; and it was adjudged that the former were privileged to show the invalidity of

the award, and to demand that no judgment be entered against the city thereon, and that it go hence discharged without day. The district court acted upon this theory after the receipt of the mandate, and rendered judgment "that said plaintiff take nothing by this action against said defendant." Under these circumstances, it is impossible to admit that the defendant city was not a party to the issue which was tried, and that it is for that reason precluded from pleading the former judgment as a defense. All that the plaintiff sought in the former action was a judgment against the city on the award. It was this issue which was eventually tried, and the court found and determined "that plaintiff is not entitled to any relief." In view of the fact, then, that the highest court of the state held that the interveners had the right under the laws of the state to join as defendants, and to insist, for their own protection as taxpayers, that the city should not be made to pay a groundless claim, it follows, we think, that the judgment in favor of the city which was eventually rendered must be a complete bar to the present action. If such is not the result, the action which was taken by the interveners was vain and useless, and did not accomplish the object which they had in view, namely, the protection of the general funds of the city from an unjust claim.

In accordance with these views, the judgment below is affirmed.