### E. M. NAGEL v. HENRIETTA S. DEAN.[1]

December 23, 1904.

Nos. 14,161—(62).

**Unrecorded Plat.**

In the absence of statutory regulation, the effect of a conveyance of urban property in accordance with descriptions contained in an unrecorded plat is to dedicate streets and alleys therein described to the public use.

**Statute.**

Since the adoption of chapter 168, p. 174, Laws 1899, a purchaser of lands conveyed with reference to such a plat is entitled, as between himself and his grantor, to the benefit of the use of streets and alleys, subject, however, to the approval of said plat by the village council.

Appeal by defendant from an order of the district court for Wright county, Giddings, J., denying a motion for a new trial. Modified.

*George R. Robinson,* for appellant.

*J. T. Alley,* for respondent.

DOUGLAS, J.

Appeal from an order of the district court of Wright county denying defendant's motion for a new trial. This action was brought for equitable relief, praying, among other things, that defendant be required to acknowledge and file in the office of the register of deeds of Wright county a plat purporting to subdivide a tract of land owned by her

1 Reported in 101 N. W. 954.

situated in the village of Buffalo, in said county. At the hearing it was mutually stipulated that H. T. Moland, county surveyor of Wright county, make a statement in the form of a plat, noting all measurements, courses, and distances relative to the lots and streets embraced in the said premises, being a duplicate of the plat made by defendant and described in the pleadings. Each party moved for judgment upon the pleadings and stipulated facts. From admissions made in the answer it appears said land was owned and platted by defendant in 1893, and a portion thereof conveyed to plaintiff in 1902, in accordance with the descriptions contained in said plat. She now refuses to acknowledge the plat, or present it to the village council of said village for approval, or to record the same, but offers to convey the premises to the plaintiff by general description.

In the absence of statutory regulation, it is clear, where a party conveys urban property in accordance with descriptions contained in an unrecorded plat, that the effect is to dedicate streets and alleys therein described to the public use. This was early held in Hurley v. Mississippi & R. R. Boom Co., 34 Minn. 143, 24 N. W. 917, and followed in Borer v. Lange, 44 Minn. 281, 46 N. W. 358; State v. St. Paul, M. & M. Ry. Co., 62 Minn. 450, 64 N. W. 1140; Smith v. City of St. Paul, 69 Minn. 276, 279, 72 N. W. 104, 210. Complainants purchasing with reference to such a plat are entitled, as between themselves and the grantor, to the benefit of the use of the streets and alleys purporting to be dedicated to the public use. Corning v. Woolner, 206 Ill. 190, 69 N. E. 57; City v. Anderson (Tex. Civ. App.) 78 S. W. 261. See also Clark v. City, 40 N. J. L. 172; Elliott, Roads & S. § 120.

However, by chapter 168, p. 174, of the Laws of 1899, the legislature prohibited the recording of such a plat in the office of the register of deeds until first approved by the village authorities. This act declaratory of the public policy of the state was adopted subsequent to the decisions of this court in the cases cited, but prior to the execution of said deed to plaintiff. While, as between the parties, a conveyance of urban property in accordance with descriptions contained in a plat will estop the grantor from thereafter reserving to himself, without the consent of the grantee, the exclusive use of streets and alleys so dedicated, still it follows the rights of each are subject to

legislative regulation. Without it the owner of property might so subdivide and plat the same as to render streets and alleys unfit for public use because of eccentric description or width. The public, which is represented under the terms of said act by the village council, is therefore interested in the subject. In directing that said plat be executed and acknowledged by defendant and filed in the office of the register of deeds without having first been approved by said village council, the court, in disregarding the requirements of this act, in our opinion, erred.

The order of the trial judge is therefore modified, with directions to amend the conclusions of law and order for judgment so as to command defendant to complete, execute, and acknowledge said plat, and present it to the village council for approval or rejection, and, provided said council approves the same, thereafter file it in the office of the register of deeds of said county for record; and provide further, in case the defendant neglects to comply with said order, that the plat found by the court to have been originally made by said defendant be perfected and presented to the said village council for approval or rejection. It is further ordered that statutory costs in this court be not allowed.