## CURTISS & YALE COMPANY v. CITY OF MINNEAPOLIS.[1]

November 14, 1913.

Nos. 18,189—(48).

**Plat — description.**

1. The plat of Tuttle's Addition to St. Anthony, prepared and filed in the proper office in 1855, *held* to sufficiently describe the land platted.

**Same — curative statute.**

2. The failure of the owner, Tuttle, to sign the plat, and the failure of the notary public before whom the acknowledgment thereof was taken to attach thereto his official seal, *held* cured by section 1 of chapter 57, (Ex. Sess.) Laws 1881, and the plat thereby legalized and validated.

**Dedication of street — finding sustained by evidence.**

3. Plaintiff acquired title to a tract of land adjoining that platted which was conveyed to its predecessor in title by metes and bounds, and as so described included a part of one of the streets shown by the plat. It is *held* that the findings of the trial court that the land included within the boundaries of the street, and so conveyed to plaintiff's predecessor in title, became dedicated to the public as a street and highway by force of the plat and also by long continued user thereof by the public, are sustained by the evidence.

**Adverse possession — payment of taxes.**

4. The rule that the payment of taxes by the person claiming title to land by adverse possession is strong evidence in support of his claim of adverse occupancy applies with less force when the land is assessed under

[1] Reported in 144 N. W. 150.

---

Note.—As to curing statutory defects in a map or plat by conveying with reference to it, see note in 42 L.R.A.(N.S.) 587.

The question of public user as acceptance of dedicated highway is treated in a note in 18 L.R.A. 510. And upon the effect of limited use of way by the public as an acceptance of dedication, see note in 22 L.R.A.(N.S.) 1114.

a description which includes land with reference to which such person is under legal duty to pay the taxes as actual owner.

Action in the district court for Hennepin county to determine adverse claims to certain real property. The answer alleged defendant claimed an easement and right of way for the purposes of a public highway in the southwesterly 80 feet in width of the land described, and set out the platting of the land by Calvin A. Tuttle, the owner, as mentioned in the opinion, and conveyances by him according to the plat, and alleged that by so doing he dedicated to the public for a public street the 80 feet in question. The reply alleged that defendant more than 30 years before the action abandoned any rights in the premises acquired by the platting and that plaintiff had been in adverse possession of the same more than 30 years, under a claim of title. The case was tried before Booth, J., who made findings that the plaintiff was the owner in fee simple subject to the easement and right of way described, and ordered judgment accordingly. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Roberts & Strong,* for appellant.

*Daniel Fish,* City Attorney, and *Henry C. Flannery,* Assistant. City Attorney, for respondent.

BROWN, C. J.

Action to determine adverse claims to certain real property. The facts are as follows:

Calvin A. Tuttle was the owner of a tract of land situated within the southeast quarter of the southeast quarter of section 24, township 29, of range 24, in the county of Hennepin. On May 15, 1855, he caused the same or a part thereof to be platted into lots and blocks. as Tuttle's Addition to St. Anthony. The plat was in proper form, as respects the lots, blocks and streets marked out thereon, and there was attached thereto the following certificate:

"Territory of Minnesota, ⎱ ss.
  "County of Ramsey. ⎰

  "Be it known that on this 14th day of May, A. D. 1855, personal-

ly appeared before me, a notary public in and for said county and territory, Calvin Tuttle who acknowledged the within plat to be just and correct and intended for the uses and purposes therein mentioned, and that he is the proprietor thereof, * * *

"Edward L. Hall,
"Notary Public,
"M. T."

Plats of this character usually have indorsed on the face thereof an express platting, and a dedication of the streets and alleys to the public, signed by the proprietor; and this is perhaps necessary under the statute of frauds. This does not appear upon this plat nor did Tuttle sign the same. It was filed in the office of the register of deeds of Ramsey county, and a certified copy thereafter filed in the office of the register of deeds of Hennepin county, where it has at all times since remained. The blocks marked on the plat were designated by the letters "A" to "T" inclusive, the lots by numerals, 1 to 10 in each block. The streets extending east and west were designated as Third, Fourth, and Fifth, evidently corresponding to streets similarly named in the plat of St. Anthony to which this plat was an addition. Blocks "K" and "J," abut upon the south line of Fifth street as marked out on the plat. Subsequent to filing the plat Tuttle conveyed a number of the lots therein, by the description found in and according to the plat, and the conveyances were duly recorded. Tuttle owned other land adjoining that included within the plat, a part of which he conveyed to plaintiff's predecessor in title. The precise date of this conveyance does not appear, though it does appear that it was long subsequent to the date of filing the plat. The land so conveyed was described by metes and bounds and included as so described that part of Fifth street immediately north of and abutting on the north line of blocks "K" and "J." There was no showing that an error was made in the description as contained in the conveyance, nor does it appear whether the deed made any reference to Tuttle's Addition in describing the property conveyed. The deed does not appear to have been offered in evidence. Plaintiff is now the owner of this land, and since the original sale thereof by Tuttle

taxes have been annually levied and assessed against it as one tract, including the street, which plaintiff or its predecessors in title have paid.

The court found that prior to the year 1899, when by chapter 65 of the laws of that year title by adverse possession could no longer be acquired against the state, that a stable had been erected upon a portion of the land included within the boundaries of the street, which had been maintained thereon for more than 15 preceding years, and that plaintiff had thereby acquired title to that part of the street by adverse possession. The court further found that the whole of this portion of the street was by the plat dedicated to the public as a highway, was accepted as such by the public authorities, and had been, with the exception of the part thereof occupied by the stable, in use as such for more than 25 years, that it thereby became dedicated to the public as a street, and that the public has a vested right therein for all purposes of public use and travel. It also appeared that some time about the year 1890, plaintiff constructed other buildings within the boundaries of the street, so that at the time of the commencement of the action and for a considerable time prior thereto, though not for 15 years prior to the year 1899, practically all of the street fronting block "K," was in the actual possession of plaintiff. The court, on these facts, ordered judgment for defendant, to the effect that the strip of land in controversy, being within the boundaries of Fifth street, was a public highway of the city, and not the private property of plaintiff. Plaintiff appealed from an order denying a new trial.

The contention of the city that the land in dispute is a public street is founded primarily upon the Tuttle plat; and, secondly, upon the claim that since the plat was filed that portion thereof designated as Fifth street has been treated by the city as a public street and traveled and used as such by the public generally. On the other hand plaintiff contends that the plat is fatally defective, and that the filing thereof with the register of deeds was not notice to purchasers of the land in question, which, as already stated, was included within the plat as Fifth street. Plaintiff also contends that the findings of the court that the street as platted was by the long-continued

user by the public dedicated as a public street and highway, are not sustained by the evidence.

1. The plat was defective. It was not signed by Tuttle, the proprietor of the land platted, and contained no express dedication of the streets and alleys thereon marked out. The acknowledgment, though in proper form, was rendered defective by the failure of the notary to affix his official seal thereto. But it is clear that these defects are not now fatal to the validity of the plat. The defect arising from the failure of Tuttle to sign the plat was cured by his act in filing the same in the office of the register of deeds, and subsequently conveying lots therein according to the descriptions therein found. Such filing and sale of the lots by reference to the plat amounted in law to a dedication, and answered every purpose of a formal written dedication indorsed upon the plat. 3 Dillon Mun. Corp. (5th ed.) 1083; Hurley v. Mississippi & R. R. R. Co. 34 Minn. 143, 24 N. W. 917; Nagel v. Dean, 94 Minn. 25, 101 N. W. 954. The failure of the notary to attach his official seal to the acknowledgment was cured by section 1 of chapter 57, p. 58 (Ex. Sess.) Laws 1881, by which the legislature legalized all plats theretofore prepared and filed, where there was a failure to comply with any of the statutory requirements. That statute is general in its language and was intended to legalize all defective plats, regardless of the nature of the defect. It applies to this plat.

That the legislature had the constitutional power to cure the defects in this manner is well settled by the authorities. Stuttgart v. John, 85 Ark. 520, 109 S. W. 541; Parrott v. City of Hampton, 134 Iowa, 157, 111 N. W. 440; Williams v. Milwaukee Ind. Expo. Assn. 79 Wis. 524, 48 N. W. 665. The case comes within the general rule that if the thing wanting or failed to be done, and which constitutes the defect in the proceedings, is some thing the legislature might originally have dispensed with, then a subsequent statute dispensing with it retrospectively must be sustained. Cooley, Const. Lim. (5th ed.) 458; State v. Bruggerman, 31 Minn. 493, 18 N. W. 454; Farnsworth L. & R. Co. v. Commonwealth T. Ins. & T. Co. 84 Minn. 62, 86 N. W. 877; 1 Dunnell, Minn. Digest, § 1620; Blount v. City of Janesville, 31 Wis. 649.

Plaintiff became the owner of the land subsequent to the date of the passage of the act of 1881, by force of which the plat became a valid dedication of the street in question, and was charged with notice of the statute. Journeay v. Gibson, 56 Pa. St. 57. The date of the original conveyance of this land to plaintiff's predecessor in title does not appear, and the question whether the statute is invalid as impairing vested rights acquired in good faith and without notice of the plat is not presented. The plat sufficiently described the land platted as being upon the southeast quarter of section 24, town 29, of range 24, and could be located upon the ground by a competent surveyor. 4 McQuillin, Mun. Corp. § 1557.

If we are correct in these views, and it seems clear that we are, it follows that the decision of the trial court must be sustained, without reference to the question whether the particular street became a public highway by long-continued user by the public as contended by defendant. But a careful consideration of the record leads to the conclusion that the findings of the court upon this branch of the case cannot be disturbed, and for this reason, if for no other, the case must be affirmed. The evidence is not clearly against the findings in this respect and they must, under the rule guiding us in such cases, be sustained. This disposes of the contention of plaintiff that by long-continued open and hostile possession of the land it acquired title thereto by adverse possession. The court found against this contention, and for the reason stated the findings must be sustained. It is true that plaintiff for many years asserted a claim of ownership of this land, and paid the annual assessment of taxes levied against it. The payment of taxes by the person asserting title by adverse possession is strong evidence in support of his claim. Todd v. Weed, 84 Minn. 4, 86 N. W. 756; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127. But the rule applies with less force when the land so claimed forms part of a larger tract, as in the case at bar, and the whole is assessed as one tract, and not separately, and as to a part of the land the person so paying the tax is under legal duty to do so as the actual owner. Here the land conveyed to plaintiff's predecessor was by metes and bounds and included the street in question. It has always been assessed by this general de-

scription, and the payment of the taxes cannot well be said to apply to the street only. The situation is not unlike other tracts of land,. assessed by a particular description, over which extends a public highway. The highway is never excepted from the tax assessment, and it would not do in such a case to hold that the payment of the tax was evidence of an intention to claim title to the highway, to the exclusion of the rights of the public.

This disposes of the case. We discover no error in the rulings of the court on the admission or exclusion of evidence. The judgment roll in the case of Bicknell v. Carpenter, an action involving the right of plaintiff's predecessor in title to the private use of the street,. was properly excluded. The fact that plaintiff prevailed in that: action did not conclude the rights of the public.

Order affirmed.