STATE OF MINNESOTA *vs.* MARTIN BRUGGERMAN.

February 12, 1884.

Constitution—Act legalizing Highways.—Upon the facts found in this case, *held,* that the act entitled "An act to legalize certain roads or highways in Ramsey county" (Sp. Laws 1879, *c.* 226,) is applicable to the highway in controversy, and that the same is a valid and constitutional exercise of legislative authority, within the principles laid down in *State* v. *Messenger,* 27 Minn. 119.

Appeal by defendant from a judgment of the district court for Ramsey county, *Simons,* J., presiding.

*O'Brien & Wilson,* for appellant.

*J. J. Egan,* for the State.

VANDERBURGH, J. The defendant was prosecuted criminally for obstructing a highway in the town of Rose, Ramsey county. The questions involved are the validity of "An act to legalize certain roads or highways in the county of Ramsey," approved March 3, 1879,.

(being Sp. Laws 1879, c. 226,) and its application to the road in question. This act is similar in character and purpose to the one (Sp. Laws 1878, c. 191,) which was considered in the case of *State* v. *Messenger*, 27 Minn. 119. We think the conclusion reached in that case and the doctrine there laid down must govern the decision of this case.

As shown by the findings of the court, this road was actually laid out and established by the town supervisors, and its location clearly defined by the record of their order filed with the town clerk, March 26, 1867, which included the survey and plat thereof. It was also soon thereafter opened for travel throughout, including a strip of land two rods in width along the west line of an 80-acre tract belonging to defendant, and so remained open through defendant's premises, which were then vacant and uninclosed, until some time in 1868, when defendant inclosed that portion of the road laid on his land, being one-half its width on the line thereof. During this time the road had been, in fact, appropriated to public travel and use as a common highway, and public work and money had been expended thereon under the direction of the proper officers, though on what particular portions of the same is not found. The road was laid out four rods in width, and, except the portion inclosed by defendant, it has continued to be used and travelled by the public, and to be improved as it might require, at the public expense, ever since. This state of facts brings this road within the class referred to, and intended to be legalized by the act in question, as will appear by a reference to its terms.

The defect in the original proceedings was the failure to provide for compensation for lands taken by the proper assessment of damages. This was provided for in this act, by requiring parties aggrieved to make the proper application to the town supervisors for the adjustment of claims for damages, on or before the first meeting in July, 1880, and by appeal as allowed in cases of roads laid out under the General Statutes. As settled in *State* v. *Messenger*, the act is a public act, which defendant was bound to notice. It was, in substance, also an exercise of the right of eminent domain by the state itself for a public purpose. The constitutional requirement for se-

curing just compensation is satisfied by providing an impartial tribunal to assess the same, and making it a charge upon the public treasury. *State* v. *Messenger, supra.* Of the wisdom and policy of such enactments within certain limits, the legislature must judge.

Judgment affirmed.

GILFILLAN, C. J., *dissenting.* The case is not, in principle, different from *State* v. *Messenger,* and I dissent from the decision on the grounds stated by me in that case.