Jonas Frazee *vs.* William H. Frazee, and others.

*Married woman— Validity of Contract—Estoppel—Mechan-
ics' lien.*

Except in regard to the separate estate of a *féme covert*, or where
she is empowered by statutory authority to act as a *féme sole*,
all her covenants, contracts, and agreements, in Courts of law as
well as of equity, are absolutely null and void, and she is under
no obligation, and cannot be compelled, to perform them,
whether entered into by herself, or on her behalf by her husband,
with or without her consent.

Where a party's rights in property sufficiently appear of record, mere
silence on his part is no violation of duty, and he is not estopped
to assert his rights against persons dealing with his property as
another's.

A mechanics' lien cannot be enforced against a married woman's
real estate where no personal notice, as required by section 10 of
Article 63 of the Code, has been served upon her of the claimant's
intention to claim a lien.

Appeal from the Circuit Court for Garrett County, in
Equity.

The case is stated in the opinion of the Court.

The cause was argued before Robinson, C. J., Bryan,
Fowler, McSherry, Boyd, and Briscoe, J.

*Gilmor S. Hamill*, (with whom was *Thomas J. Peddi-
cord*, on the brief,) for the appellant.

*Robert H. Gordon*, for the appellees.

Briscoe, J., delivered the opinion of the Court.

The bill in this case is for an injunction to restrain
proceedings in an action of law by way of ejectment,

and for a specific performance of an agreement to sell certain real estate, and for general relief.

The bill charges that one of the defendants, Mrs. Felicia Frazee, was the owner of a lot of ground in Garrett County, and sold the same to Winfield S. Friend, through her husband as her agent; that the purchaser entered into possession without having paid the entire purchase money, and without having received a deed, but had made improvements on the property; that shortly afterwards the purchaser's interest was sold at sheriff's sale to the plaintiff, and he was put in possession by virtue of a writ of *habere facias*, and that the vendors had instituted an action of ejectment to dispossess the plaintiff.

The Court granted the injunction, but after a hearing of the case on bill, answers and proof, afterwards dissolved it and dismissed the bill. This appeal is from that order. The allegation of fraud which is made by the bill is denied and traversed by the answers. There is also a denial on the part of the defendants, that Mrs. Frazee, the wife, was a party to the contract of sale, or had any knowledge of it until a long time after it had been made. It is admitted that the land belongs to the wife, she having obtained it by deed from her brothers and sisters, and that it was recorded on the 5th day of April, 1883, among the land records of Garrett County.

The contract of sale is dated the 25th of February, 1885, and is set out in the record. It is not signed by the wife, nor does it make mention of the wife's interest in the property, but specifically agrees to convey only the right, title, and interest of the husband, W. H. Frazee. The material part of the agreement is as follows:

"This agreement, made between William Henry Frazee, of the first part, and Winfield S. Friend, of the second part, witnesseth: The said William Henry Frazee

of the first part doth sell to the said Winfield Scott Friend of the second part, for and in consideration of $405, all his right, title and interest in and to the following property." We have carefully examined the testimony and find it confirmatory of the written agreement.

The witness, W. S. Friend, testified that when he bought the land he thought it belonged to Henry Frazee, the husband; that he had no dealings with the wife whatever in regard to the land; and that he did not know that Mrs. Frazee owned it until 1890. There was also proof that the wife had no knowledge of the sale, until a long time after it had been made.

It is clear that those who claim through W. S. Friend, the purchaser, can take no greater interest than he purchased, and, as the property belonged to the wife, her title did not pass under the sheriff's sale.

But apart from this, the common law disability of the wife still exists in this State, except in the cases, and to the extent that the Legislature by statute has thought proper to remove it. Our statute prescribes the mode for the conveyance of the statutory or general estate of a *féme covert*, and this is by the joint deed of herself and husband. Code, Art. 45, sec. 2. Or she can authorize an agent or attorney to sell and convey the same by a power of attorney, executed jointly with her husband. Act of 1890, ch. 294. Except in regard to the separate estate of a *féme covert*, or where she is empowered by statutory authority to act as a *féme sole*, all her covenants, contracts, and agreements in Courts of law as well as of equity are absolutely null and void, and she is under no obligation, and cannot be compelled, to perform them, whether entered into by herself or on her behalf by her husband, with or without her consent. But it is insisted upon the part of the appellant, that Frazee acted as agent for his wife in the sale, which sale she ratified,

and is therefore estopped from denying his authority. But there is no testimony to warrant even the inference of a sale on her part, and the question how far a married woman would. be estopped *in pais*, we do not find it necessary to pass upon in this case. The testimony, taken in its strongest light against her, simply discloses a knowledge of the purchaser's possession of the land, and certain improvements made by him thereon. Her title to this property was on record, and was by law notice to the plaintiff of the estate sold to him. It is well established that, where a party's rights in property sufficiently appear of record, mere silence upon his part is no violation of duty, and he is not estopped to assert his rights against others dealing with the property as another's. So far as the claim to a mechanics' lien is concerned, we need only say, that no notice was given, as required by the mechanics' lien law of this State. Code, Art. 63, sec. 10. There was no personal notice served upon the wife of their intention to claim a lien. *Conway vs. Crook and Wife*, 66 *Md.*, 292.

We shall therefore affirm the order appealed from.

*Order affirmed.*