JOHN WEININGER ET AL.

*vs.*

ADAM WEININGER.

*Tenants by Entireties—Agreement for Transfer—Specific Performance.*

Specific performance of a contract for the conveyance of property held by the entireties cannot be enforced if the wife was not a party to contract.

*Decided January 13th, 1922.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

Bill by Adam Weininger against John Weininger and Catherine Weininger for specific performance and an injunction. From a decree for plaintiff, defendants appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON. URNER, ADKINS, and OFFUTT, JJ.

*T. Lyde Mason, Jr.,* with whom was *Charles A. Simpson* on the brief, for the appellant.

*John Holt Richardson,* with whom was *R. Grason George* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case, filed on November 7th, 1904, alleges that the defendants (appellants) were, previous to the month of August, 1901, the owners of a certain leasehold lot of ground on the east side of First Street in Baltimore County, subject to a mortgage of three hundred dollars

to the Canton Permanent Building Association of Baltimore City, and also subject to two judgments amounting together to about $135; that the said defendants continued in possession of said property up to the month of August, 1901, when, finding themselves unable to pay said mortgage and judgments and being in arrears for taxes and ground rent, they agreed with plaintiff that if he would take possession of said property and assume the payment of all back taxes and ground rent, and mortgage, interest and other expenses on said property, they would give plaintiff a deed for said property; that plaintiff, relying on said agreement, in August, 1901, entered into possession of said premises, paid all back taxes and ground rent, and has paid on account of said mortgage the sum of $35.86, but that said judgments are yet unpaid, but that plaintiff tenders himself ready to pay the same; that he has expended on said property for mortgage debt and interest, taxes, ground rent, water rent, repairs and improvements, the sum of $461.04, which is far in excess of the value of the property; that he has established a business there, and has so improved said property that it is peculiarly adapted for his said business; that the defendants have instituted ejectment proceedings against the plaintiff before a justice of the peace, which are a fraud upon plaintiff's rights. and if allowed to prevail will cause him irreparable injury; that defendants have no property whatever, and are utterly irresponsible, as the said mortgage indebtedness and the judgment liens represent the entire purchase money of said property. The prayer of the bill is for specific performance of the alleged agreement and for injunction "staying said ejectment proceedings until this matter is determined by this court"; and for further relief.

A preliminary injunction was granted enjoining the defendants from proceeding with said ejectment suit until the further order of court. For a period of sixteen years nothing more was done, until November, 30th, 1903, when a decree *pro confesso* was signed by the court, the defendants being in

default for want of an answer. This decree was subsequently rescinded on the petition of defendants, and they were permitted to file an answer, which was done on February 11th, 1921. The answer denies the alleged agreement and expenditures and impecunious condition of defendants and that the mortgage and judgments represent the entire purchase money of the property; it admits the institution by defendants of restitution proceedings against the plaintiff for the purpose of asserting defendants' legal title to the property occupied by the plaintiff at the time said proceedings were instituted, and it avers that about the year 1901 defendants moved to York, Pennsylvania, and as the plaintiff, who is a brother of John Weininger, one of the defendants, had no house, the defendants allowed him to occupy the property, upon the condition that he pay the expenses on said property, keep up the repairs, and also make the payments to the Canton Permanent Building Association upon the said mortgage, which payments were to be made in lieu of rent.

Testimony was taken in open court and specific performance was decreed. This appeal is from that decree.

We think the proof sustains the allegations of the bill as to the defendant, John Weininger. There is not only the testimony of the plaintiff and his wife that John gave the property to the plaintiff, and turned over to him the title papers, but the latter fact is also sworn to by plaintiff's son; and the witness McDonald, who in 1901 was secretary of the building association, testified that John went to the office of the association with his brother Adam and told witness "he was going to transfer it to his brother; that his brother was going to take it and he was going to transfer it to him and that he would finish up the payments." John did not rebut McDonald's testimony. The evidence also satisfies us that Adam performed his part of the agreement.

But there is practically no evidence that John's wife, Catherine, was in any way a party to the agreement, and the property was held by the husband and wife as tenants by the entireties.

None of the witnesses say that the wife was present when the agreement was made or that she ever knew of it. And she positively denies that there was any such agreement. True, Adam testified that on one occasion, when he was visiting them at York, she said: "Adam, just as soon as I find the insurance on this house I will send it to you; I have not come across it yet" and that on the following Sunday, when he was visiting them again, "she went and gave me the fire insurance policy on this property and furniture," but she denies all this, and McDonald testified that the building association required insurance policies to be left with the association. We are not disposed, therefore, to give much credit to Adam's testimony on this point. Mrs. Barbara Kirchner, the mother of John and Adam, testifies that both John and his wife wanted to give her the property but that she refused and suggested to John that he give it to Adam; but she does not say that even John agreed to do it. So the knowledge of a gift to Adam is not brought home to the defendant Catherine by Mrs. Kirchner, even if we could safely rely on the testimony of a witness who showed herself to be so violently hostile and prejudiced.

We find nothing therefore in the record to estop Catherine from setting up the defense that she was not a party to the alleged agreement. *Frazee* v. *Frazee,* 79 Md. 27; *Park Association* v. *Schwartz,* 83 Md. 13; *Milburn* v. *Michel,* 137 Md. 415.

That, of course, disposes of the case. For the estate being by the entireties, specific performance cannot be decreed against the husband alone.

It follows that the decree appealed from must be reversed.

> *Decree reversed and bill dismissed, costs to be paid by appellee.*