**PRUDENTIAL TRUST CO., as Trustee, Appellant (Plaintiff below),**

**v.**

**The CITY OF LARAMIE, Wyoming, a municipal corporation, et al., Appellees (Defendants below).**

**No. 3859.**

Supreme Court of Wyoming.

Jan. 18, 1972.

David N. Hitchcock, Laramie, for appellant.

Thomas S. Smith, Laramie, for appellees.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

This case has to do with a suit for declaratory judgment brought by Prudential Trust Co., as trustee, against the City of Laramie and certain of its officials. The prayer of plaintiff's complaint was for a judgment declaring and decreeing that plaintiff had proceeded properly in attempting to plat a portion of its land; and that the city is unlawfully, arbitrarily and capriciously preventing plaintiff from exercising its right to plat its land.

The trial court found the main thrust of the declaratory judgment action had been encumbered by several side issues in dispute between the parties, which could not be decided in the declaratory judgment action. Likewise, we find a number of errors claimed in connection with appellant's appeal which we need not discuss or answer.

The essential question on appeal, and the only one we need to answer, is whether the trial court improperly found for the defendants and erred in entering a judgment which decreed that the relief demanded by plaintiff for a declaratory judgment be denied. No trial procedural errors are claimed by appellant. In all assignments specified, it is claimed the district court erred in failing to find what plaintiff wanted found and in failing to make conclusions in keeping with plaintiff's theory, or that the court erred in concluding and holding what it did.

Our review of the record convinces us the findings, conclusions and ultimate judgment of the district court were correct. By pointing out, as we propose to do, why the judgment appealed from should be affirmed, we will directly or indirectly answer all claimed errors asserted by appellant.

Three entities (Union Realty Company; Spring Creek Trustees; and Prudential Trust Company) seem to be involved in the ownership and platting we are concerned with. There is evidence of an interlocking relationship among these entities, with all of them being owned or controlled by one family.

At first a preliminary plat was made and submitted to the city for "Spring Creek Addition." Approximately 172 acres, divided into Blocks 39 through 78, were included in this platting. The sub-dividers were shown as "Spring Creek Trustees." This platting was not perfected or pursued to the point of acceptance by the city.

Later, the plat which is involved in the instant litigation was prepared and submitted to the city. It covered only the north half of Block 39 and the south half of Block 40, Spring Creek Addition to the City of Laramie. The owner was shown to be Prudential Trust Co., as Trustee.

General laws pertaining to platting and dedication of property are contained in § 34–113, W.S.1957, and § 34–114, W.S.1957, 1971 Cum.Supp. According to these sections, as they originally existed, a dedication was complete when a sub-division plat was prepared in conformity with the details specified and when the plat was recorded in the office of the county clerk.

It was decided in Tissino v. Mavrakis, 67 Wyo. 560, 228 P.2d 106, 115, that a dedication of land effected by platting and sale of lots, prior to a 1943 amendment of § 34–114, would operate by way of grant and without the necessity of acceptance by the public.

In 1943, however, the legislature added a proviso to § 34–114 to the effect that a plat of land adjacent to any incorporated city, or within one mile thereof, shall be jointly approved by the board of county commissioners and the legislative body of the city before it shall be filed and recorded. Then, in 1965, the legislature further amended the section to provide that the plat should meet the approval of the board of county commissioners if it has to do

with land outside of the city, and by the governing body of the city if the land is within the boundaries of the city. The amendment states, when thus executed, acknowledged "and approved," the plat shall be recorded in the office of the county clerk.

It is apparent, therefore, that dedications made subsequent to the amendments of 1943 and 1965 are by statute not effective until the plat is approved and accepted by the appropriate authority.[1]

The law having specifically to do with the platting of additions to cities is contained in § 15.1–69, W.S.1957, C.1965. This section provides that the owner of any land within or contiguous to a city may lay out the land into lots, blocks, streets, and alleys and an accurate map or plat shall be made designating such land and particularly describing the lots, blocks, streets and alleys. The following provisions of the section are pertinent to our decision:

"* * * When the map or plat is made out, acknowledged, certified, *and approved* by the governing body, it shall be filed and recorded in the office of the county clerk of the county. When filed it shall be equivalent to a deed in fee simple to the city or town from the owner, of all streets, avenues, alleys, public squares, parks and commons, and of that portion of the land set apart for public and city use, or dedicated to charitable, religious or educational purposes. * * * The governing body may by ordinance compel the owner of any addition to lay out streets, avenues and alleys to correspond in width and direction and be continuations of the streets, ways and alleys in the city or town or other additions thereto. No addition is valid unless the terms and conditions of the ordinance are complied with, and the plat submitted *and approved* by the governing body." [Emphasis supplied.]

Thus, regardless of whether we refer to the general laws pertaining to platting and dedication of property or the specific statute pertaining to the platting of additions to a city, the result is the same, and approval by the governing body of the city becomes a statutory prerequisite to the validity of the dedication.

Since the pertinent statutes clearly require approval of the plat submitted by Prudential Trust Co., before such plat becomes valid and before it can be recorded in the office of the county clerk, the question we need to decide is how much discretion does the city have in exercising its right to approve or reject a proffered plat.

When we say, as we have often said, that administrative officers and boards will not be permitted to act in an arbitrary or capricious manner and that courts will restrain such action,[2] we mean the statement to apply to such actions as those of a city council when it deals with the platting of land.

With that thought in mind, counsel for appellees was asked during oral argument what is needed to make appellant's plat acceptable to the city. The only deficiency which counsel mentioned in his answer is the need for outside tie-ins to orient the platted area with other areas of the city. In other words, a need for the plat to tie the new platted area in with outside areas, as far as streets and alleys are concerned, and for these streets and alleys to correspond in width and direction and be continuations of other streets and alleys in the city or additions thereto.

1. The case of Tissino v. Mavrakis, 67 Wyo. 560, 228 P.2d 106, dealt with a dedication made prior to the 1943 amendment of § 34–114. At 228 P.2d 111, the court stated the situation presented in that case would be "extremely unlikely" to again arise in consequence of the 1943 added proviso.

2. See J. Ray McDermott & Co., Inc. v. Hudson, Wyo., 348 P.2d 73, 75–76; Wyoming Department of Revenue v. Wilson, Wyo., 400 P.2d 144, 145, reh. den. 401 P.2d 960; and Marathon Oil Company v. Pan American Petroleum Corporation, Wyo., 473 P.2d 575, 577.

We can understand the need for uniformity in widths and directions of streets, and for streets and alleys to be continuations of those already in existence. In fact, § 15.1–69 states specifically the governing body may by ordinance compel the owner of any addition to lay out streets, avenues and alleys to correspond in width and direction and be continuations of the streets, ways and alleys in the city or additions thereto.

The record indicates the city engineer made some recommendations for the Prudential Trust Company plat. In general, the recommendations appear to be reasonable and not unduly onerous. We do not understand appellant to be claiming that it is impractical to comply with any of the city engineer's specific recommendations.

 Our view is that the right and duty of the city to approve a plat necessarily carries with it the right to set reasonable and just prerequisites and requirements for approval of the plat, and in particular in the area of bringing the plat into conformity with other areas with respect to lots, blocks, streets, and the like.[3]

It would appear, from what has been presented to us on appeal that the dedicator, Prudential Trust Co., would be entitled to approval of an amended plat, if and when it sufficiently meets the needs herein discussed and all reasonable recommendations heretofore made by the city engineer. That is not to say the city is precluded from making additional requirements or demands if such are found to be necessary. However, we emphasize that all requirements must be reasonable, in keeping with the law and free from demands which are arbitrary or capricious.

It is implicit in what we have said that we do not consider the requirements

for approval which we have discussed to be unreasonable or arbitrary. The district court was therefore justified in finding for defendants and in entering a judgment decreeing that the relief demanded by plaintiff be denied.

Our holding is based on the statutes we have referred to. We do not deem it necessary for the city to rely on its ordinance No. 159, which appellant claims to be invalid by reason of the city's failure to publish the ordinance in full when it was passed. The district court found it was unnecessary to decide whether the ordinance was valid. We agree the validity of this ordinance does not need to be determined since reliance is not placed on it for our decision.

Affirmed.

---

3. The view expressed in this paragraph is supported by the following cases: City of Albuquerque v. Chapman, 77 N.M. 86, 419 P.2d 460, 464; Jones v. Town of Woodway, 70 Wash.2d 977, 425 P.2d 904, 908–909; Billings Properties, Inc. v. Yellowstone County, 144 Mont. 25, 394 P.2d 182, 187; Ayres v. City Council of City of Los Angeles, 34 Cal.2d 31, 207 P.2d 1, 5; Mefford v. City of Tulare, 102 Cal.App.2d 919, 228 P.2d 847, 851; and Roussey v. City of Burlingame, 100 Cal. App.2d 321, 223 P.2d 517, 520. As stated in the *Jones* case, the discretionary power to disapprove a plat inheres in its statutory power to approve it.